IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BOBBY BROWN, § | | |
| Plaintiff, § | | |
| § | | |
| V. § | | C.A. NO. C-01-05 |
| § | | |
| JERRY GROOM, ET AL., § | | |
| Defendants. § | | |

**ORDER GRANTING MOTION FOR RECONSIDERATION, ORDER GRANTING MOTIONS FOR COPIES OF RECORDS AND DENYING MOTION FOR BENCH WARRANT, AND ORDER SETTING DEADLINE FOR SUBMITTING PLAINTIFF'S CONTRIBUTIONS TO THE JOINT PRETRIAL ORDER**

Pending is plaintiff's motion for re-opening order (D.E. 179). In it plaintiff asks that his two previous motions for documents and for a bench warrant (D.E. 174, 175, 178), which were struck on October 30, 2006 and October 31, 2006 (D.E. 176, 178), be reinstated. The motions were struck because plaintiff failed to include a certificate of service in the motions, as required by the rules.

In plaintiff's motion to re-open, he states that prior to filing his motions, he had spoken to counsel for defendants, who had agreed that plaintiff need not send to counsel a copy of his motions for documents. Assuming this to be true, plaintiff was never excused from his responsibility to include a certificate of service in his pleadings. The rules require that plaintiff "must have at the end [of his pleading] a certificate reflecting how and when service has been made *or why service was not required*". LR5.4 (emphasis supplied). Plaintiff could easily have prevented his pleadings from being struck if he had

included in his certificate of service an explanation of why service on opposing counsel was not necessary.

Nevertheless, in an attempt to move this case toward trial, now scheduled for December 10, 2006, plaintiff's motion to reopen (D.E. 179), treated as a timely filed motion for reconsideration, is granted, and the Clerk shall reinstate plaintiff's motions for copies of records (D.E. 174, 175) and his motion for a bench warrant (D.E. 178).  The motions are granted in part and denied in part as follows.

Plaintiff's motions for copies of records (D.E. 174, 175) are GRANTED.  The Clerk shall provide to plaintiff: (1) a copy of the transcript of the April 11, 2001, *Spears* hearing; (2) a copy of plaintiff's amended complaint (D.E. 24); (3) a copy of the defendant's Original Answer and Jury Demand (D.E. 30); and (4) a copy of the *Brown v. Beto* decision, which is attached as an exhibit to plaintiff's answer to defendants' summary judgment motion (D.E. 53).

Plaintiff also requests that he be placed into federal custody prior to his trial in order to prepare for trial (D.E. 177).  The motion is denied.  Writs of habeas corpus *ad testificandum* have been issued for plaintiff to appear for his final pretrial conference on December 7, 2006, and for his trial on December 10, 2006, making plaintiff's request moot.  To the extent plaintiff is requesting placement into federal custody at an earlier date to help him prepare for trial, the motion is denied.  Plaintiff is responsible for knowing the names and TDCJ numbers for his inmate witnesses.  This lawsuit was filed

almost six years ago, and during that time plaintiff has had ample opportunity to locate witnesses, including a period of time when plaintiff was not incarcerated.

Plaintiff's contributions to the Joint Pretrial Order shall be filed with the court no later than **Tuesday, December 5, 2006.**

ORDERED this 20th day of November, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE